UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WAYNE K. BLANCHARD

VERSUS

CARA NEWTON, IN HER OFFICIAL
CAPACITY AS EXECUTIVE DIRECTOR
OF THE OFFICE OF COMMUNITY
DEVELOPMENT, AN AGENCY OF THE
DIVISION OF ADMINISTRATION,
STATE OF LOUISIANA, AND
PATRICK FORBES, IN HIS
OFFICIAL CAPACITY AS INTERIM
DIRECTOR OF THE DISASTER
RECOVERY UNIT OF THE OFFICE OF
COMMUNITY DEVELOPMENT, AN
AGENCY OF THE DIVISION OF
ADMINISTRATION, STATE OF
LOUISIANA

CIVIL ACTION

NUMBER 11-723-FJP-SCR

### RULING

This matter is before the Court on a Motion to Dismiss[1] filed by the defendants Carol Newton (incorrectly named "Cara"), in her official capacity as the Executive Director of the Office of Community Development ("OCD"), and Patrick Forbes in his official capacity as Executive Director of the Disaster Recovery Unit of the OCD, an Agency of the Division of Administration, State of Louisiana. Plaintiff has filed an opposition to the motion.[2] For the reasons which follow, defendants' motion is granted.

---

[1]Rec. Doc. No. 7.

[2]Rec. Doc. No. 10.

Doc#47828 1

## I. Factual Background

Following Hurricanes Katrina and Rita, federal funds were appropriated to the State of Louisiana by the federal government for the purpose of disaster recovery and compensation for those property owners affected by the storms. The Road Home Program was developed by the State of Louisiana and approved by the United States Department of Housing and Urban Development ("HUD") as a plan for disbursement of Community Development Block Grant ("CDBG") funds to property owners. The Road Home Program was developed by the Louisiana Recovery Authority and its successor, Office of Community Development ("OCD"), both offices in the Division of Administration for the State of Louisiana.

In accordance with federal statute, the state created the Louisiana Recovery Authority ("LRA") to oversee the disbursement of federal funds.[3] The state authorized the OCD within the Division to administer The Road Home Program.[4] There is no dispute that the OCD is a state agency.

Plaintiff in this matter submitted a Road Home application for property located at 7900 Marquis Street in New Orleans, Louisiana. The OCD informed plaintiff by letter dated January 28, 2010, that he was ineligible because he failed to meet the occupancy requirements as set forth by the program since the OCD had

---

[3]See La. R.S. 49:220.4-220.5.

[4]See La. R.S. 40:600.62(2).

Doc#47828    2

discovered that plaintiff was an occupant of another residence located at 758 Delchaise Street at the time of the storm. Plaintiff attempted to appeal this decision; however, the OCD advised plaintiff through correspondence that the Road Home Program policies are not subject to appeals.

Plaintiff argues he did occupy the residence at 7900 Marquis Street as his primary residence during Hurricane Katrina, but claims he used the other address for mail delivery because of problems with mail delivery to the Marquis Street address. However, defendants contend the documents supplied to them did not establish occupancy under Road Home policies.

Plaintiff filed suit for declaratory and injunctive relief against the individual defendants, claiming he has been denied property without due process, denied equal protection under the 14th Amendment, and also brings a claim under 42 U.S.C. § 1983. The defendants have filed this motion to dismiss plaintiff's claims for lack of subject matter jurisdiction based on the State's Eleventh Amendment sovereign immunity, discretionary immunity under Louisiana law, and alternatively, failure to state a claim upon which relief may be granted.

The Court now turns to a discussion of the law applicable to the facts of this case.

## II. Law and Analysis

### A. Motion to Dismiss

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[5] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[6]

Plaintiff has asserted federal question jurisdiction under 28 U.S.C. § 1331. Defendants contend the funding of the Road Home Program does not supply the Court with federal question jurisdiction, and they are entitled to sovereign immunity under the Eleventh Amendment.

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment prohibits an individual from suing a state in federal court, "unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."[7] In addition to protecting states from suits brought by

---

[5]*St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

[6]*Raming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

[7]*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th (continued...)

Case 3:11-cv-00723-FJP-SCR    Document 20    06/07/12    Page 4 of 18

citizens of other states, it is well-established that the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own state."[8] Eleventh Amendment immunity also extends to state law claims brought under pendent jurisdiction.[9] Finally, "a state's Eleventh Amendment immunity extends to any state agency or entity deemed an alter ego or arm of the state."[10]

Plaintiff contends he has not sued the State of Louisiana or a state agency but rather the individual officers of the state. He further argues he does not seek recovery from the state or state funds, but rather prospective injunctive or declaratory relief "designed to remedy an ongoing violation of federal law."[11]

The Court finds guidance in the court's decision in *Stroebel v. Rainwater*.[12] In *Stroebel*, the purchaser of a home that had sustained damage from the hurricane brought suit against the executive director of the Louisiana Recovery Authority, challenging

---

[7](...continued)
Cir. 2002).

[8]*Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)(citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

[9]*See Penhurst*, 465 U.S. at 120-21, 104 S.Ct. at 919.

[10]*Perez*, 307 F.3d at 326.

[11]Rec. Doc. No. 10, p. 13.

[12]742 F.Supp.2d 870 (E.D. La. 2010).

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 5 of 18

the amount of the grant issued by the Authority, and alleging violation of the Fair Housing Act, the Housing Community Development Act, and civil rights violations. Specifically, Stroebel sued Patrick Rainwater, in his official capacity as the Executive Director of the LRA. The defendant moved to dismiss under the Eleventh Amendment.

Rainwater argued that the Eleventh Amendment barred Stroebel's claims against him, since he was seeking retroactive monetary relief of what he claims he was owed by the Road Home Program. Rainwater further argued that since the development and implementation of the Road Home compensation grant formula and the administration of the Road Home grant funds are the responsibility of the LRA, the State (through the LRA) was the real party in interest in the suit. Rainwater contended that the effect of a judgment in Stroebel's favor would be to compel the state government to act and would significantly interfere with Louisiana's administration of its funds.[13]

Stroebel claimed Rainwater was not entitled to immunity under the Eleventh Amendment because he was sued in his official capacity, and because he alleged that Rainwater acted outside the scope of his authority, or in such an arbitrary manner as to abuse the powers of his office in violation of Stroebel's civil rights. Stroebel also argued that the court did have authority to review

---

[13] *Id.* at 872.

the Road Home Program's award, stating that Louisiana state court decisions to the contrary were "simply wrong."[14]

The court noted that, "[p]ursuant to the seminal case of *Ex Parte Young* and its progeny, an exception to Eleventh Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law."[15] The court continued: "It is well-settled that 'the doctrine of *Ex Parte Young* is of no aid to a plaintiff seeking damages from the public treasury.'"[16] Furthermore, "'[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is named as the defendant.'[17] This is true even if the relief sought is equivalent to an award of damages for a past violation of federal law **although set forth as something else; thus, courts will consider the substance rather than the form of the relief sought** in determining whether the *Ex Parte Young*

---

[14]*Id.*

[15]*Id.* at 873, citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see also Edelman, supra.*

[16]*Id.*, quoting *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)(internal citations omitted).

[17]*Id.*, quoting *Papasan v. Allain*, 478 U.S. 265, 278, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

exception applies."[18]

The *Stroebel* court further noted:

> It is additionally well-settled that "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'"[19] This determination is not to be made "'by the mere names of the titular parties but by the essential nature and effect of the proceeding.'"[20] "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."[21] This occurs, for example, "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"[22]

The court found that, "although Stroebel's complaint styles the relief sought as prospective declaratory and injunctive relief, in actuality, Stroebel is merely seeking compensation for Road Home funds that he alleges were wrongfully withheld from him in the

---

[18] *Id.*, quoting *Papasan*, 478 U.S. at 278-79, 106 S.Ct. 2932 (emphasis added).

[19] *Id.*, quoting *Pennhurst,* 465 U.S. at 101 (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459,464, 65 S.Ct. 347, 89 L.Ed. 389 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)).

[20] *Id.*, quoting *Scheuer, supra,* at 237(quoting *Ex Parte New York*, 256 U.S. 490, 500, 41 S.Ct. 588, 65 L.Ed. 1057 (1921)).

[21] *Id.*, quoting *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

[22] *Id.*, quoting *Pennhurst, supra*, at 102, n. 11, 104 S.Ct. 900 (citing *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)).

past."[23]  For this reason, the court held that "the effect of a judgment in favor of Stroebel would operate against the State of Louisiana through the Louisiana Recovery Authority (LRA), i.e., the state agency responsible for implementing and administering the Road Home Program and specifically the funds allocated to it."[24] The court further held: "Stroebel cannot circumvent the established principles of sovereign immunity by suing a state official, in his official capacity, while clearly seeking retroactive monetary relief that would require the State of Louisiana to act, out of the public treasury, to satisfy any judgment in Stroebel's favor."[25]

The Court finds the similar factual allegations, holding, and analysis by the *Stroebel* court to be directly on point and applicable to the facts in the case at bar.  Blanchard has sued Carol Newton and Patrick Forbes, both in their official capacities in the Office of Community Development, an agency of the Division of Administration, State of Louisiana.  In *Bernofsky v. The Road Home Corporation, et al*, the United States District Court for the Western District of Louisiana clearly held that a suit against the LRA and the OCD, the agency involved in this matter, is effectively

---

[23] *Id.* at 874.

[24] *Id.*

[25] *Id.*

a suit against the State of Louisiana.[26] Likewise, the United States District Court for the Eastern District of Louisiana also held in *Robinson v. Road Home Corp.* that the LRA and the OCD qualify as the "state" for Eleventh Amendment purposes.[27]

Also, Blanchard is seeking exactly the same type of relief as in Stroebel, i.e., funds withheld from the Road Home program to which he believes he is entitled. For the same reasons set forth by the court in *Stroebel* and the courts in the Eastern and Western Districts of Louisiana, this Court finds that despite plaintiff's attempt to style his claim as being for declaratory and injunctive relief, plaintiff is clearly seeking retroactive monetary relief that would require an act by the State of Louisiana. Therefore, the Eleventh Amendment applies in this case, and the named defendants as representatives of the State of Louisiana are immune from suit.

## 2. Waiver of Sovereign Immunity

The Court also finds that the State of Louisiana has not waived its Eleventh Amendment immunity from federal court jurisdiction. "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."[28]

---

[26] 741 F.Supp.2d 773, 779, n. 3, (W.D. La. 2010).

[27] 2010 WL 148364 (E.D. La. Jan. 12, 2010).

[28] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985), *superseded by statute on*
(continued...)

Waiver requires a clear declaration by the state.[29] Courts will find a waiver "only where stated by the most express language or by such overwhelming implications for the text as will leave no room for any other reasonable construction."[30]

Blanchard has pointed to no express waiver of Eleventh Amendment immunity by the State of Louisiana, nor has the Court been able to locate one. In fact, the state has made clear that "[n]o suit against the state or state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[31]

The court further finds the fact that the funding of the Road Home program comes from the federal government does not amount to a waiver of sovereign immunity by Louisiana, nor does it provide this Court with subject matter jurisdiction. In *Bernofsky*, the court stated:

> The "mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the

---

[28](...continued)
*other grounds.*

[29]*See AT&T Communications v. Bell-South Telecomm., Inc.*, 238 F.3d 636, 644 (5th Cir. 2001)(quoting *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)).

[30]*Edelman*, 415 U.S. at 673, 94 S.Ct. at 1361.

[31]La. R.S. 13:5106(A).

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 11 of 18

State to be sued in federal courts."[32] The federal statute must "clearly and unambiguously" provide that "the state's particular conduct or transaction will subject it to federal court suits brought by individuals."[33]

The statutes at issue in the case before the Court do not reference federal court jurisdiction and contain no provision to indicate that the receipt of federal funds is based on the state's waiver of Eleventh Amendment immunity. Thus, the Court finds that the State of Louisiana's receipt of funds for the Road Home Program is not a waiver of Eleventh Amendment immunity and does not confer subject matter jurisdiction on the Court in this case.

### 3. Abrogation of Immunity by Congress

Congress has not unequivocally abrogated Louisiana's sovereign immunity with regard to Blanchard's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment. To find that a state's sovereign immunity has been abrogated by Congress, "there must be an 'unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States.'"[34]

This type of unequivocal expression is not present in the case at bar. The text of 42 U.S.C. § 1983 does not expressly override

---

[32]*Bernofsky*, 741 F.Supp.2d at 780, quoting *Edelman*, 415 U.S. at 763, 94 S.Ct. at 1361; *Atascadero*, 473 U.S. at 247, 105 S.Ct. at 3149.

[33]*Id.*, quoting *AT&T*, 238 F.3d at 644.

[34]*Id.* at 780, quoting *Atascadero*, 473 U.S. at 240, 105 S.Ct. at 3146 (quoting *Pennhurst*, 465 U.S. at 99, 104 S.Ct. at 907 (internal quotations omitted)).

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 12 of 18

the states' Eleventh Amendment sovereign immunity. The United States Supreme Court has held that Congress did not abrogate states' sovereign immunity in passing Section 1983.[35]

Just as the plaintiffs claimed in *Bernofsky*, Blanchard has claimed a violation of the Equal Protection Clause of the Fourteenth Amendment. For the same reasoning set forth by the court in *Bernofsky*, this Court finds that there is no basis for concluding that Congress abrogated Louisiana's Eleventh Amendment immunity in this case under either 42 U.S.C. § 1983 or the Equal Protection Clause of the Fourteenth Amendment. Defendants are entitled to sovereign immunity under the Eleventh Amendment, and plaintiff's claims are dismissed with prejudice for lack of subject matter jurisdiction.

### 4. Discretionary Immunity under Louisiana Law

Defendants also claim they are entitled to discretionary immunity under Louisiana law since they were engaged in discretionary acts within the course and scope of their lawful powers and duties. Under Louisiana Revised Statute 9:2798.1, public entities and their officers or employers are shielded from suit based on "the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers

---

[35]*Id.*, citing *Will v. Mich. Dept of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2310, 105 L.Ed.2d 45 (1989); *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979).

Doc#47828                                   13

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 13 of 18

and duties."[36] The claims by plaintiff involve administrative, discretionary actions in the implementation of the Road Home Program, all of which fall under Louisiana Revised Statute 9:2798.1. Further, the Louisiana Supreme Court has held that decisions made by Road Home Program employees in East Baton Rouge Parish are the ministerial decisions of a state agency.[37] The Court finds that the defendants are clearly entitled to the discretionary immunity for the acts taken in this matter under Louisiana law.

### B. Motion to Dismiss under Rule 12(b)(6)

In the alternative, defendants have moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. While the Court believes defendants' motion is properly granted under Rule 12(b)(1) for the reasons set forth above, the Court will discuss dismissal under Rule 12(b)(6) in the alternative and out of an abundance of caution.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief

---

[36] *See also, State of Louisiana v. Marrero*, 35 F.3d 216, 220 (5th Cir. 1994).

[37] *Impastato v. State of Louisiana*, 2010-1998 (La. 11/19/10), 50 So.3d 1277, 1278.

Doc#47828          14

above the speculative level.'"[38] The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[39] "When considering a motion to dismiss, the court accepts as true the well-pled allegations in the complaint, and construes them in the light most favorable to the plaintiff."[40] The court generally must not consider any information outside the pleadings.[41]

Plaintiff claims he has a property interest in the Road Home funds based on the preliminary grant of said funds to him. He claims he was denied this property interest without due process of law which also constituted a denial of equal protection under the law. Defendants move to dismiss this claim, arguing that the Road Home Program is not an entitlement program and plaintiff has no interest or right by law to challenge the administration of the grants thereunder.

The Court finds that plaintiff has failed to state a due process claim under the facts of this case. The Road Home Program

---

[38]*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).

[39]*Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

[40]*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(citation omitted).

[41]*See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). Should the Court consider facts outside of the pleadings, the Court must convert the motion to dismiss to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 15 of 18

is clearly not an entitlement program as set forth by Action Plan, Amendment 1, at 9 and 10.[42] As defendants correctly contend, the Federal Disaster Relief Funds under the Federal Appropriations Act were not appropriated directly to property owners; rather, the funds were appropriate by Congress to HUD, then allocated as CDBG funds to the State of Louisiana. Pursuant to Louisiana Revised Statute 40:600.62(2), the OCD is the state agency authorized by law to develop the Action Plan Amendments and establish the policies regarding the CDBG funds and administration of the Road Home Program. A property owner simply has no individual, vested property interest to these funds.

Louisiana jurisprudence supports this finding. In *Braquet v. OCD*, the Louisiana appellate court upheld the lower court's finding that the plaintiff property owners seeking grant money under the Road Home Program "have no right to judicial review pursuant to the Louisiana Administrative Procedures Act (LAPA)."[43] Further, the court found that plaintiffs had "shown no property interest in the grant money, nor has there been an adjudication within the meaning of the LAPA."[44] The *Braquet* court relied on its previous decision

---

[42] See http://www.doa.louisiana.gov/cdbg/DR/DR_firstapprovedplan.htm.

[43] 2010 WL 2342841 (La. App. 1 Cir.), 2010-0028 (La. App. 1 Cir. 6/11/10).

[44] *Id.*; *See also, Guth v. State of Louisiana*, 2010 WL 2802128 (La. App. 1 Cir.), 2009-2149 (La. App. 1 Cir. 7/9/10)(The court (continued...)

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 16 of 18

in *Dandridge v. Office of Community Development*, where the court held that plaintiffs did not have a right of action for judicial review as provided in La. R.S. 49:964 to challenge the amount received from a grant through a judicial review process because they could not show their entitlement to the grant money.[45]

The plaintiff in the case at bar has simply failed to show any property interest in the grant preliminarily awarded and subsequently denied under the Road Home Program. Therefore, plaintiff has not been denied due process of law or equal protection, and he has failed to state a claim under 42 U.S.C. § 1983. His claims are dismissed with prejudice in the alternative under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. Conclusion

For the reasons set forth above, plaintiff's claims are dismissed with prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[46] In the alternative, plaintiff's claims are dismissed with prejudice for failure to state a claim upon which relief may be granted under

---

[44](...continued)
relied on *Braquet* and *Dandridge* in finding plaintiff had no cause of action in challenging the denial of her application for Road Home Program funds).

[45] 09-1564 (12/7/09) 2009 WL 4724237 (unpublished), *writ denied*, 10-0037 (La. 3/12/10), 28 So.3d 1029.

[46] The Court has considered all of the parties' contentions whether or not specifically addressed herein.

Case 3:11-cv-00723-FJP-SCR   Document 20   06/07/12   Page 17 of 18

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 7 day of June, 2012.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

Doc#47828

18